IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AHMED MOHAMMAD ABDULLAH AL-HAKIMI | ) ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 08-CV-1111 (EGS) |
| GEORGE W. BUSH President of the United States, *et al.* | ) ) ) ) | |
| Respondents. | ) ) ) | |

### **RESPONDENTS' RESPONSE TO COURT'S JULY 24, 2008 ORDER**

Pursuant to the Court's July 24, 2008 Order (dkt. no. 11), respondents hereby provide the Court with answers to the questions posed in the Order.

This case is not in a posture for merits resolution at this time. As a threshold matter, the petitioner in this case – Ahmed Mohammad Abdullah Al-Hakimi (ISN 30) – has an earlier-filed habeas petition in another case currently pending on his behalf. Petitioner Al-Hakimi has previously filed a habeas petition in *Mohammon v. Bush*, Case No. 05-CV-2386 (RMU), where petitioner is identified as petitioner Ahmed Omar. *See Mohammon v. Bush*, Case No. 05-CV-2386 (RMU), Petition For Writ of Habeas Corpus ¶ 318 (dkt. no. 1). Because this case is a duplicate of an earlier-fled case, this case should be dismissed and petitioner Al-Hakimi should pursue relief in *Mohammon*.

Even assuming this case proceeds, it is not in a posture for merits resolution for two primary reasons. First, a factual return has not been filed with respect to petitioner. Second, issues related to the legal framework governing the procedures for adjudication of the Guantanamo Bay habeas cases have not been resolved. As explained below, respondents are

proposing a two-prong approach for resolving such issues.

With respect to the production of a factual return (*i.e.*, the government's best and most current evidence supporting petitioner's detention as an enemy combatant), respondents propose the Court adopt a rolling production framework consistent with the approach taken by Judge Hogan in his July 11, 2008 Scheduling Order in *In Re Guantanamo Bay Detainee Litigation*, 08-MC-442 (TFH). Specifically, Judge Hogan established a requirement that respondents produce fifty factual returns each month, beginning on August 29, 2008, in the order of the earliest-filed petitions of petitioners currently detained at Guantanamo Bay. Given the substantial effort that will be required (and are already being expended) of multiple government agencies to prepare factual returns in hundreds of Guantanamo habeas cases, respondents request that cases on the docket of this Court that do not duplicate claims made in other cases be included within the rolling production framework established by Judge Hogan.[1]

During the period leading up to production of factual returns in cases otherwise appropriate to be litigated, respondents propose that the parties brief certain legal issues common to all of the Guantanamo habeas petitions pending before this Court. Briefing and resolution of these issues will be critical to placing this case in a posture for merits resolution because it will provide the parties with appropriate guidance from this Court concerning how merits proceedings will be conducted following production of respondents' factual returns. Respondents suggest that the Court issue a briefing schedule addressing the following non-

---

[1] As recognized by Judge Hogan, "there may be situations in which an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay overall processing."

exhaustive list of common questions that would benefit from early decision. *See Boumediene v. Bush*, 128 S.Ct. 2229, 2276 (2008) (questions concerning conduct of merits proceedings "are within the expertise and competence of the District Court to address in the first instance"). Briefing of similar questions before Judge Hogan is currently ongoing.

      a)      How are the habeas proceedings to be structured?

      b)      What is the legal authority for detention in these cases?

      c)      What is the burden of proof for establishing that detention is lawful?

      d)      Which party bears the burden at different stages of the proceeding?

      e)      May the parties introduce and rely on hearsay evidence?

      f)      What is the standard for obtaining an evidentiary hearing, if any?

      g)      What role, if any, does the record of Combatant Status Review Tribunal ("CSRT") proceedings play in the habeas proceedings?

      h)      What is the availability of confrontation and compulsion rights, if any?

      I)      Does the Court have jurisdiction to consider collateral claims apart from the core habeas corpus right to seek release, such as challenges to conditions of confinement or transfer?

To facilitate prompt and orderly resolution on these questions, respondents suggest that the Court issue a briefing schedule that will enable the Court to resolve these questions before filing of current factual returns, thereby placing these cases in a posture for timely resolution.

Dated: July 28, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar. No. 23840-49)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 616-5084
Fax:  (202) 616-8470

Attorneys for Respondents